Clerk's Office
Filed Date: 5/16/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RODOLFO ARAGON,

    Petitioner,

  v.

ADA PEREZ,

    Respondent.

**ORDER**
16-CV-6982 (MKB)

---

MARGO K. BRODIE, United States District Judge:

  On December 13, 2016, Petitioner Rodolfo Aragon, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 Queens County conviction for burglary in the second degree.  (Pet. for Writ of Habeas Corpus, Docket Entry No. 1.)  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on January 30, 2017, the Court conducted an initial consideration of the petition and determined it was deficient because: (1) Petitioner did not allege any basis for the relief he sought, and (2) the petition appeared to be time-barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "January 2017 Order").  (Jan. 2017 Order, Docket Entry No. 5.)  The Court granted Petitioner thirty days to show cause why it should not dismiss the petition and to file an amended petition, (*id.*), and subsequently extended the time, (*see* Order to Show Cause, Docket Entry No. 7).  Petitioner never responded and the Court dismissed the action on April 26, 2017 (the "April 2017 Order").  (*See* Apr. 2017 Order, Docket Entry No. 8.)  Petitioner now moves to continue prosecution of the case.

  For the reasons explained below, the Court denies the application.

  **I. Background**

  By letter received on February 27, 2017, Petitioner requested permission to withdraw the

petition without prejudice. (Mot. to Withdraw Pet., Docket Entry No. 6.) By Order dated March 9, 2017, the Court advised Petitioner that his withdrawal of the petition, even without prejudice, might have consequences for any future petitions based on the same underlying conviction and directed him to either show cause pursuant to the Court's January 2017 Order, or to confirm that he seeks to withdraw the petition. (Order dated Mar. 9, 2017, Docket Entry No. 7.) The Court granted Petitioner an additional thirty days to respond and informed him that if he did not "postmark a response by April 10, 2017, the Court will dismiss the petition without prejudice." (*Id.*) Petitioner did not file a response by April 10, 2017, and on April 26, 2017, the Court issued an order dismissing the case and mailed a copy of the order to Petitioner. (*See* Apr. 2017 Order, Docket Entry No. 8.) On April 28, 2017, the Clerk of Court issued judgment and mailed a copy of the judgment to Petitioner. (*See* J., Docket Entry No. 9.)

## II. Discussion

Over five years later, on December 19, 2022, Petitioner filed an objection to the Court's dismissal stating that he "does have [a] continuing interest in prosecuting this case." (Pet.'s Obj. to the Court's Dismissal Order, Docket Entry No. 10.) In his objection, Petitioner states that "due to the changing of 'adverse parties'" he had failed to serve the summons and complaint. (*Id.*) He also states that Respondent would "not be prejudiced" because he had not served Respondent. (*Id.*)

Petitioner's objection is untimely. As discussed in the Court's January 2017 and April 2017 Orders, there is a one-year statute of limitations for a person in custody pursuant to a state court conviction to petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). Petitioner failed to timely show cause why the Court should consider the merits of his petition and the time for doing so has long passed.

### III.     Conclusion

Accordingly, the Court dismisses Petitioner's objection to the Court's April 2017 Order. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir. 2000).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

Dated:  May 15, 2023
     Brooklyn, New York

                              SO ORDERED:


                                   s/ MKB
                              MARGO K. BRODIE
                              United States District Judge

3